FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 23, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TODD S.,<br><br>       Plaintiff,<br><br>       v.<br><br>COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>       Defendant. | No. 1:25-CV-03176-SAB<br><br>**ORDER AFFIRMING THE**<br><br>**DECISION OF COMMISSIONER** |

Plaintiff brings this action seeking juridical review of the Commissioner of Social Security's final decision, denying his application for social security benefits. Plaintiff is represented by D. James Tree. The Commissioner is represented by L. Jamala Edwards, Shata Stucky and Joseph Derrig. Pending before the Court is Plaintiff's Opening Brief, ECF No. 10, and the Commissioner's Brief, ECF No. 14.

After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court affirms the Commissioner's decision.

**I.    Jurisdiction**

On August 20, 2022, Plaintiff filed an application for supplemental security income. Plaintiff's application was denied initially and on reconsideration. Plaintiff requested a hearing and on September 4, 2024, a telephonic hearing was held by the ALJ. Plaintiff participated and was represented by Robert Tree. Denise

**ORDER AFFIRMING THE DECISION OF COMMISSIONER ~ 1**

Waddell, vocational expert, also participated. The ALJ found that Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council, and the Appeals Council denied the request on August 15, 2025. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. §§ 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on October 14, 2025. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

**II.    Five-Step Sequential Evaluation Process**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If

**ORDER AFFIRMING THE DECISION OF COMMISSIONER ~ 2**

the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national

**ORDER AFFIRMING THE DECISION OF COMMISSIONER** ~ 3

economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III.   Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir.

**ORDER AFFIRMING THE DECISION OF COMMISSIONER** ~ 4

2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

## IV.  Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

At the time of the hearing, Plaintiff was 61 years old. He obtained his GED. Plaintiff has been a decades long methamphetamine user, but at the hearing he reported being sober for almost a year. He testified that he could not work because he has a hard time being around people.

In 2008, Plaintiff was attacked by a dog and underwent reconstructive surgery of his left knee. He experiences chronic, shooting pain that is controlled with medication. At the hearing, he denied having physical difficulties that would prevent him from working.

## V.  The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 17-31.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since August 20, 2022, the application date. AR 19.

At step two, the ALJ identified the following severe impairments: Remote history of left knee surgery; anxiety disorder; attention deficit hyperactivity disorder (ADHD); other antisocial personality disorder; psychotic disorder (paranoia); and substance use disorder (methamphetamine), in early remission. AR 20.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 20. Ultimately, the ALJ concluded that Plaintiff has a residual function capacity ("RFC") to perform:

**ORDER AFFIRMING THE DECISION OF COMMISSIONER** ~ 5

less than a full range of medium work as defined in 20 CFR 416.967(c). Claimant can sit for 6 hours out of 8 hours; he is able to stand for 6 hours out of 8 hours; and clamant can walk for 6 hours out of 8 hours. Claimant is able to lift, carry, push, or pull 25 pounds frequently and up to and including 50 pounds occasionally. Claimant has no other exertional limitations. Non-exertionally, claimant must have job duties that are simple, repetitive, and routine. These duties must be consistently the same with little or no change. Claimant should never exercise independent judgment regarding the nature of his job duties.  Claimant can concentrate and persist for 2 hours at a time before requiring a break but would be off task approximately 5% of the workday and would miss in the range of 10 days per year but not in necessarily consecutive weeks or months. Claimant must have duties that are low stress, which the undersigned defined as never having duties that require piecework or commission sales. Claimant should never be expected to travel in the course of his duties except to and from one primary job location.  He should never have duties that require interaction with the public as a primary function and more specifically, claimant should never have duties in a service-related or hospitality industry, such as a hotel, a motel, a restaurant, or an entertainment venue. Claimant can have up to occasional contact with co-workers and with supervisors. Co-worker contact must be incidental and not in a team or teamwork setting.

AR 23.

At step four, the ALJ found Plaintiff did not have past relevant work. AR 29.

The ALJ found there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform, including Laundry Worker; Tumbler Operator; and Riveting Machine Operator AR 30. Consequently, the ALJ found that Plaintiff was not disabled. AR 31.

## VI.  Issues

1.  Whether the ALJ properly evaluated Plaintiff's symptom testimony?

2.  Whether the ALJ properly revaluated the medical opinions?

## VII.  Discussion

### 1.  Plaintiff's symptom testimony

Plaintiff argues the ALJ erred in discounting his subjective symptoms. In determining whether a claimant's testimony regarding subjective pain or symptoms

**ORDER AFFIRMING THE DECISION OF COMMISSIONER** ~ 6

is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (citation and quotation omitted). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so." *Id*. (citation and quotation omitted). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id*. (citation and quotation omitted). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Here, the ALJ provided clear and convincing reasons for discounting Plaintiff's symptom testimony. It noted that while Plaintiff testified to nearly 7 months of alleged sobriety, there were numerous references in the record where he provided conflicting information regarding his drug use. It noted Plaintiff reported he was able to keep his routine and engagement in daily activities, including maintaining his focus and controlling his impulsiveness. The ALJ noted the record indicated his paranoia and worry about community members lessened when Plaintiff is sober. It noted Plaintiff's treatment for his ADHD seemed to be working, with Plaintiff reporting continued sobriety, lack of a desire to use meth, improved impulsivity, increased overall calmness and better concentration. The ALJ noted objective mental status examinations consistently described Plaintiff as alert, calm, pleasant, cooperative, engaged, and oriented, with logical, linear and goal-directed thought processes, good eye contact, positive mood, full affect, and normal memory, concentration, cognition, fund of knowledge, judgment, insight, and thought content, while instances of anxious mood, pressured speech, racing

**ORDER AFFIRMING THE DECISION OF COMMISSIONER** ~ 7

thoughts, restless behavior, auditory and visual hallucinations often corresponded with Plaintif's admission to recent meth use.

The ALJ did not err in evaluating Plaintiff's symptom testimony.

**2. Medical Opinion Evidence**

In evaluating medical opinion evidence, the ALJ must consider the persuasiveness of each medical opinion and prior administrative medical finding from medical sources. 20 C.F.R. § 416.920c(a) and (b). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. § 416.920c(c)(1)-(5).

Supportability and consistency of an opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b)(2). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

> (1) Supportability.
> The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

> (2) Consistency.
> The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.*

//

**ORDER AFFIRMING THE DECISION OF COMMISSIONER** ~ 8

### A.  Dr. Bauman

The ALJ correctly concluded that Dr. Bauman's limitations were not persuasive because they were not supported nor consistent with the record as a whole. Notably, The ALJ found that Dr. Bauman's limitations regarding off-task behavior and absences were not supported by the mental status examinations indicating that Plaintiff was able to stay on topic most of the time. The ALJ noted that Dr. Bauman's statements were not consistent with the record that documented conservative treatment, largely normal objective examination findings, Plaintiff's reported improvement with medication and treatment, and his ability to perform a wide variety of daily activities independently. The ALJ noted that Plaintiff was able to relocate from Arizona to Washington, navigate the process to obtain Medicaid in Washington, find medical providers, navigate the process to secure clean and sober housing when he was homeless, apply for disability benefits, and obtain a disability attorney, which were all activities outside his usual routine.

The ALJ did not err in finding that Dr. Bauman's limitations were not persuasive.

### B.  Dr. Morgan

The ALJ found Dr. Morgan's opinion to not be persuasive because it was not supported by his objective mental status examination, which demonstrated normal orientation, thought process, thought content, perception, memory, fund of knowledge, concentration, abstract thought, insight, and judgment. The ALJ concluded it was not consistent with the record as a whole, which documented conservative treatment, largely normal objective examination findings, Plaintiff's reported improvement with medication and treatment, and his ability to perform a wide variety of daily activities independently. Additionally, the ALJ noted that Dr. Morgan's January 2023 opinion was based on Plaintiff's statement that he had been in recovery for just under one year—while the record indicated meth use in November and December of 2022.

**ORDER AFFIRMING THE DECISION OF COMMISSIONER** ~ 9

The ALJ did not err in finding Dr. Morgan's limitations were not supported and consistent with the record.

## VIII. Conclusion

Here, the ALJ's decision was supported by substantial evidence in the record. As such, the Commissioner's decision denying benefits is affirmed.

Accordingly, **IT IS HEREBY ORDERED:**

1. For court management purposes, Plaintiff's Opening Brief, ECF No. 10, is **DENIED**.

2. For court management purposes, the Commissioner's Brief, ECF No. 14, is **GRANTED**.

3. The decision of the Commissioner is affirmed.

4. Judgment shall be entered in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 23rd day of June 2026.



Stan Bastian
Chief United States District Judge

**ORDER AFFIRMING THE DECISION OF COMMISSIONER** ~ 10